DÁVILA ET AL., APPELLANTS, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Judicial Deed of Sale.

No. 291.—Decided January 18, 1917.

ATTACHMENT—LIS PENDENS—CAUTIONARY NOTICE—CANCELLATION OF RECORD—CONVERSION OF CAUTIONARY NOTICE INTO RECORD.—The object of recording a *lis pendens* attachment in the registry is to advise third persons who may acquire thereafter any right in the property attached that they will lose it if the person levying the attachment should obtain judgment in his favor in the action in which the attachment originated. Article 20 of the Mortgage Law, which refers to records in general, is not applicable to such a case, but it is governed by article 71 which, while allowing the conveyance or encumbrance of the property without prejudice to the right of the person in whose

favor the attachment was recorded, provides as a consequence that if such conveyance has been recorded, a certified copy of the final judgment in favor of the person levying the attachment shall be a valid title for its cancellation. This provision is developed in article 142 of the Regulations, which prescribes the manner in which a cautionary notice may be converted into a record upon final acquisition of the right attached.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellants.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Victorino Barreiro Rodríguez Soto recorded in his own name in the registry the ownership of a certain property composed of 49.50 acres (*cuerdas*) that the appellants allege belonged to them and which in point of fact did belong to them, but which, in the hands of Barreiro Rodríguez, underwent certain transmutations to which there is no necessity of making any reference.

To recover the possession and ownership of the said property, which at that time appeared absolutely in the name of the said Barreiro Rodríguez, the appellants before us began a suit in the District Court of Humacao against the said Victorino Barreiro Rodríguez Soto. The suit was subsequently transferred to San Juan, but not before the appellants had filed a cautionary notice of the complaint in the registry of Humacao, in which district the property was situated. Subsequently, a creditor of Barreiro obtained two successive attachments against him, which said attachments, executed by the marshal, were duly recorded in the said registry, and the said creditor then acquired title to two parcels of 4 and 29.50 acres of the property and subsequently sold to a third person, the sales being duly recorded and mention being made of the pendency of the said suit in all the inscriptions. The appellants won their suit in San Juan, obtained a due order upon the said Barreiro to execute a deed to themselves and, when he refused subsequently, obtained a deed for the entire property from the marshal of the District Court of Humacao, acting on behalf of the marshal of the District Court

of San Juan. The registrar, however, made the following note:

"Record of this instrument is made after examining a copy of the judgment to which the same refers, but only as to the sixteen acres (*cuerdas*), which, according to the registry, is the actual area of the property, due to the segregations made therefrom, at volume 15 of Naguabo, on folio 107 *et seq.*, property No. 560, duplicate, 7th entry, with the curable defect that no mention is made as to the proportion in which the purchasers acquire; and record is denied as to the remaining 33.50 acres of said segregations, inasmuch as the same appear recorded in favor of third persons, a cautionary notice being entered instead for the term of 120 days in accordance with the law, at the same volume, folio and property referred to, entry letter B."

The segregations and records to which the registrar refers are those made on behalf of the attaching creditor and sold by the latter.

The registrar asked for an extension of time within which to file a brief, which was properly denied. The appellant draws attention to section 71 of the Mortgage Law as follows:

"Article 71.—Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

*       *       *       *       *       *       *

"If the conveyance made and recorded during the action relates to an estate the ownership of which had been claimed by an action of which a cautionary notice had been entered, in accordance with subdivision 1 of article 42 of this law, a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title for its cancellation by virtue thereof."

We see no reason why the appellants are not entitled to have their deed recorded in its entirety. The transfers and records in favor of the creditor and his alienees were made subsequently to the entry of the complaint in the registry, and with full knowledge of the pendency of the suit, and subject to its results. The object in making an entry of the com-

plaint is to warn other persons that if they acquire thereafter any claim to the property entered it will be lost if the person causing the entry of the complaint obtains judgment in his favor in the suit originating said entry. The registrar's refusal to record a part of the property on the ground that the same is recorded in favor of third persons, appears to be based on section 20 of the Mortgage Law which provides that in order to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the persons conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded. This provision refers to records in general, but not to those that might be made as a result of a suit entered in the registry, for as to those cases section 71 is applicable, which while allowing the conveyance or encumbrance of real property or property rights entered without prejudice to the right of the person in whose favor the entry may have been made, in one of its paragraphs provides, where the conveyance has been recorded, that a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title deed by virtue of which such record may be canceled, which provision finds its complement in section 142 of the Regulations for its execution, equivalent to section 76 of the Spanish Mortgage Law providing the manner in which a cautionary notice may be converted into a final inscription upon the final acquisition of the right entered by the person in whose favor the entry has been made. See the Decisions of the General Directorate of Registries of Spain of September 10, 1881, and January 19, 1897.

The deed which is the subject of this appeal being, therefore, recordable, the decision appealed from should be reversed and the registrar directed to record the same, converting the cautionary notice into a final entry, and canceling the subsequent entries to the cautionary notice.

*Reversed.*

.Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.